IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TORI VARNELL

    Plaintiff,

v.                                                  CIV. No. 12-905 JCH/GBW

DORA CONSOLIDATED SCHOOL DISTRICT,
STEVE BARRON, AMBER SHAW,

    Defendants.

## ORDER STAYING CASE

This matter is before the Court on Defendants' Second Motion to Stay Discovery. *Doc. 15.* The Court, having reviewed the briefing on this motion (*docs. 16, 20, 25*) and being fully advised, will GRANT it in part.

**I.     PROCEDURAL BACKGROUND**

Defendants removed this action to this Court on August 24, 2012. *Doc. 1.* Defendants filed their motion to dismiss and first motion to stay discovery on the basis of their motion to dismiss on October 24, 2012. *Docs. 8, 10.* The Court denied the first motion to stay due to Defendants' failure to comply with District of New Mexico Local Rule 7.1(a). *Doc. 12* at 1. On November 16, 2012, Defendants filed their Second Motion to Stay Discovery. *Doc. 15.* Briefing was completed on December 12, 2012. *Doc. 26.* On December 20, 2012, Plaintiff filed an opposed motion to amend the Complaint. *Docs. 28, 29.* Briefing on that motion has yet to be completed.

## II.   LEGAL STANDARD FOR GRANTING A STAY PENDING THE OUTCOME OF A DISPOSITIVE MOTION

A court may impose a stay of discovery under the authority provided by Federal Rule of Civil Procedure 26(c)(1), which states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 34 Advisory Committee's Note to 1970 Amendment ("[C]ourts have ample power under Rule 26(c) to protect respondent against undue burden or expense [including] by restricting discovery . . . ."). The imposition of a stay of discovery is, except in limited circumstances not applicable to the instant case, a discretionary action. *Thompson v. Children's Hosp.*, No. 11-cv-00049-WYD-KMT, 2011 WL 2066517, at *1 (D. Colo. May 25, 2011) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)) (acknowledging that the Federal Rules "do not expressly provide for a stay of proceedings" pending the resolution of a dispositive motion). The court may also stay discovery as part of its inherent power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

**III.     ACTION SHALL BE STAYED PENDING THE RESOLUTION OF THE MOTION TO AMEND**

Defendants have moved for a stay because, as they contend in their Motion to Dismiss, Plaintiff's claims are time-barred and this Court does not have subject-matter jurisdiction over this action.  *Doc. 9* at 5, 11; *Doc. 15* at 1.  If further discovery is unnecessary to resolve an issue which will dispose of the case, a stay pending resolution of that issue is often a wise use of discretion.  In exercising its discretion to stay proceedings, the Court considers five factors: "(1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery."  *Edwards v. Zenimax Media, Inc.*, 12–cv–00411–WYD–KLM, 2012 WL 1801981, at *2 (D. Colo. May 17, 2012).

During the pendency of the Motion to Dismiss, Plaintiff has filed a Motion to Amend.  *Docs. 28 & 29*.  This Motion states that, among other additions, Plaintiff "seeks to further supplement her factual showing in her complaint to resolve any pleadings issues as to the discovery of her injury and as to equitable estoppel."  *Doc. 28* at 1.  Thus, Plaintiff's Amended Complaint, if permitted, may be relevant to, and could defeat, the arguments presented in Defendants' Motion to Dismiss.  Consequently, the

Court will delay ruling on the Motion to Dismiss until the Motion to Amend is resolved.

Having considered the factors listed above, the Court will stay the case until the ruling on the Motion to Amend. Based upon that ruling, the Court will consider whether the stay should remain pending ruling on the Motion to Dismiss.

IV.   CONCLUSION

The Court GRANTS Defendants' Motion to Stay Discovery, *doc. 15*, pending the entry of the Court's order on Plaintiff's outstanding Motion to Amend, *docs. 28 & 29*.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE