IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TORI VARNELL,

    Plaintiff,

v.

                                              No. 12-CV-905 JCH/GBW

DORA CONSOLIDATED SCHOOL DISTRICT,
SUPERINTENDENT STEVE BARRON,
and AMBER SHAW,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on Plaintiff's and Defendants' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD). *(docs. 47, 48)*. I review the Magistrate Judge's findings *de novo*. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). For the reasons given below, I agree with the Magistrate Judge's reasoning and therefore overrule all objections and adopt the Proposed Findings and Recommended Disposition. *(doc. 46)*

I. THE PARTIES' OBJECTIONS

    A.    **Plaintiff's Objections**

Plaintiff raises several objections to the PFRD, briefly summarized as follows. Plaintiff first claims that the Magistrate Judge misconstrues the applicable statute of limitations for her claim as New Mexico's general personal injury statute of

1

limitations—in fact, she argues, the applicable statute of limitations is found in N.M. Stat. § 37-1-30. *Doc. 48* at 2.

Plaintiff's second objection concerns the accrual date of Plaintiff's claims. Plaintiff argues that it was unreasonable for the Magistrate Judge to find that they accrued no later than 2007 in light of Plaintiff's delayed discovery of her causes of action. *Id.* at 3.

Finally, Plaintiff argues that, even if her federal causes of action accrued, the Magistrate Judge should have found that her claims were tolled either by federal equitable tolling principles or by New Mexico statutory law. *Id.* at 2-3.

### B. Defendants' Objection

Defendants' sole objection is to the Magistrate Judge's recommendation that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. They argue that it is in the interest of judicial efficiency for this Court to adjudicate these claims because the PFRD has already established that all of Plaintiff's claims are time barred. *Doc. 47* at 5.

## II. STANDARD OF REVIEW

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. Fed. R. Civ. P. 72(b)(1). Rule 72(b)(2) governs objections: "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." When resolving objections to a magistrate judge's proposal: "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

### III.   PLAINTIFF'S OBJECTIONS ARE OVERRULED

#### A.   The Magistrate Judge Applied the Appropriate Statute of Limitations

In her Objections, Plaintiff reiterates that the applicable statute of limitations for Plaintiff's federal claims is found in New Mexico's child abuse statute, N.M. Stat. § 37-1-30. Plaintiff's federal claims are brought under § 1983 and Title IX. *Doc. 46* at 7. Having reviewed the Magistrate Judge's PFRD and the applicable law, I find that the Magistrate Judge correctly concluded that the applicable statute of limitations is New Mexico's

3

personal injury statute, N.M. Stat. § 37-1-8[1]; *Lymon v. Aramark Corp.*, 728 F. Supp. 2d. 1207, 1218 (D.N.M. 2010) (citing *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)) (setting the statute of limitations for § 1983 actions); *Nunley v. Pioneer Pleasant Vale Sch. Dist. No. 56*, 190 F. Supp. 2d 1263, 1264 (W.D. Okla. 2002).

B.   **Plaintiff's Claims Accrued No Later Than Early 2007**

Plaintiff strenuously contests Judge Wormuth's determination of the accrual date of Plaintiff's claims, arguing that he failed to construe the facts in the light most favorable to Plaintiff by holding that Plaintiff's causes of actions accrued no later than 2007. *Doc. 48* at 3-4. The Court notes first that the only accrual dates on which the Magistrate Judge opines are the accrual dates of Plaintiff's federal claims. Plaintiff's accrual argument, therefore, contains a fundamental and insurmountable flaw: it is premised on the belief that the relevant accrual date is determined under New Mexico law. *Doc. 48* at 3. As the PFRD correctly explained, accrual of a § 1983 or Title IX claim is determined by federal, not state, law. *See, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action **is a question of federal law that is *not* resolved by reference to state law.**") (emphasis added). Plaintiff's citations to New Mexico cases are therefore unavailing. *See, e.g., doc. 48* at 3, 8.

Nor does this Court find fault in the Magistrate Judge's determination of the accrual date. While the Court is sympathetic to Plaintiff's emotional trauma, the

---

[1] By so finding, the Court also rejects any argument that N.M. Stat. § 37-1-30 can provide an extension to the statute of limitations set forth in § 37-1-8. *See doc. 48* at 5, 11, 13.

4

standard for deciding accrual under federal law is an objective one. *Onyx Properties LLC v. Bd. of County Comm'rs of Elbert County*, 2012 WL 6190299, at *12 (D. Colo. Dec. 12, 2012).[2] Plaintiff's claims therefore accrued when she knew or she had reason to know that her constitutional rights had been violated. *Casanova v. Central N.M. Corr. Dep't*, 502 F. App'x 774, 776 (10th Cir. 2012). As the Magistrate Judge correctly noted, the conduct of Plaintiff's peers informs the evaluation of a reasonable fifteen-year-old's behavior. The fact that school officials were unresponsive to their reports is irrelevant to accrual; the relevant fact is that her peers recognized that Defendant Shaw's conduct was wrongful. Nor were these facts the Magistrate Judge's only data point—he references both Plaintiff's own actions and testimony, as well as that of her mother, in finding that a reasonable fifteen-year-old would have been aware that her rights had been violated by 2007.

Plaintiff also argues that Defendant Barron's actions somehow delayed Plaintiff's discovery of her causes of action against each of the Defendants, thereby pushing back the accrual date in accordance with "the equitable principals [*sic*] of federal accrual." *Doc. 48* at 10, 14. The Court assumes that Plaintiff is referring to the equitable doctrine of delayed discovery, an argument that she made in her original briefing in reference to

---

[2] Plaintiff makes extensive reference to the heartbreaking series of sexual molestations committed by Jerry Sandusky that occurred at Pennsylvania State University, apparently attempting to analogize that situation to the instant case. *Doc. 48* at 6-7. She fails, however, to link those events to her situation in any legally significant way.

5

this Defendant.³ As the Magistrate Judge properly determined, Defendant Barron's supposed concealment of Defendant Shaw's actions, even if it did occur, has no bearing on the accrual of Plaintiff's causes of action. *Doc. 46* at 17. Defendant Barron was not in a position to conceal from Plaintiff the injuries she suffered from Defendant Shaw's actions, and his alleged actions in relation to Defendant Shaw cannot serve to delay accrual.

The PFRD correctly applied federal law in determining the accrual date of Plaintiff's federal causes of action. Plaintiff's objection to the Magistrate Judge's determination of the accrual date is overruled.

### C. The PFRD Properly Determined that § 37-1-10 Does Not Preserve Plaintiff's Claims

Plaintiff also argues that, even if the applicable statute of limitations is only three years pursuant to N.M. Stat. § 37-1-8, her claims are timely due to tolling based upon her incapacity. *See Desert State Life Mgmt. Serv. v. Ass'n of Retarded Citizen of Albuquerque*, 939 F. Supp. 835, 837 (D.N.M. 1996). If Plaintiff was in fact incapacitated, the statute would extend the time to bring her claims until one year after the end of her incapacity. N.M. Stat. § 37-1-10.

Plaintiff reiterates her argument that she was incapacitated based on a constellation of factors: (1) she was a young woman from a rural district; (2) she was

---

³ Plaintiff has not cited to any case law that indicates that she is referring to some other equitable principle related to accrual, nor has the Court found any other such principle that might be applicable here.

shamed and emotionally traumatized by the approximately two year unwanted sexual relationship; and (3) she was dependent on Defendant Shaw as a source of a potential scholarship. *See, e.g., doc. 46* at 13. She also provides testimony from her treating psychiatrist, Dr. Gilbert Kliman, who describes the consequences of Defendant Shaw's emotional manipulation of Plaintiff. *Doc. 21,* Ex. B ¶¶ 3-6. What Plaintiff fails to do in her Objections is raise any new argument that undermines the Magistrate Judge's determination on incapacity.

As the PFRD explains, "[e]ven assuming Plaintiff was incapacitated for a certain period of time after the initiation of the abuse, no reasonable factfinder could conclude Plaintiff was incapacitated within the meaning of § 37 1 10 after July 2010." *Doc. 46* at 20. Thus, any arguable tolling based upon incapacity would not make timely her claims which were not filed until May 2012.

D.   **Plaintiff's Limitations Period is Not Subject to Equitable Tolling**

Plaintiff's equitable tolling argument presented in her Objections is not materially different from that set forth in her original motion, and the Court finds it equally unavailing. *See doc. 48* at 11-14. Plaintiff argues that Defendant Barron's actions to protect Defendant Shaw concealed her conduct from Plaintiff, which necessarily triggers either state or federal tolling of her claims. *Id.*

State law governs the tolling, including equitable tolling, of § 1983 actions, unless the state tolling provision conflicts with federal law or policy. *Baker v. Bd. of Regents of*

7

*State of Kan.*, 991 F.2d 628, 632–33 (10th Cir.1993). Here, equitable tolling can only apply if Defendant Barron's conduct prevented Plaintiff from being aware of her injuries. *See, e.g., Hardin v. Farris*, 530 P.2d 407 (N.M. Ct. App. 1974) (superseded by statute as stated in *Tomlinson v. George*, 116 P.3d 105 (N.M. 2005)). There is no material dispute that Plaintiff was aware of Defendant Shaw's conduct when Defendant Shaw repeatedly assaulted her. *Doc. 46* at 22. Unlike, for example, the victims of securities fraud to whom Plaintiff attempts to compare herself in citing cases like *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036 (10th Cir. 1980), Defendant Barron was not in a unique position to possess information otherwise unavailable to Plaintiff that would cause her to be unaware of her injury. Even if, as Plaintiff contends, it is true that Defendant Barron's actions would have led her to believe that Defendant Shaw's actions were legal, "[there is] no authority . . . which suggests that ignorance of the law should warrant equitable tolling of a statute of limitations." *Gatewood v. R.R. Retirement Bd.*, 88 F.3d 886, 890 (10th Cir. 1996).

The Magistrate Judge correctly concluded that the limitations period was not equitably tolled.

### E. Plaintiff's Rule 56(d) Request for Further Discovery is Denied

Plaintiff argues that she should be allowed further discovery prior to the Court rendering a decision on either the accrual or equitable tolling of her claims. She contends that the Magistrate Judge's determination that her Rule 56(d) affidavit is

8

insufficient "substitutes the Judge's opinion for the ability of a jury to find whether the Plaintiff was so harmed from the molestation" that either her claims did not accrue or the limitations period should have been equitably tolled.  *Doc. 48* at 8.

As the Magistrate Judge correctly noted, Plaintiff's affidavit is legally deficient.  *Doc. 46* at 23-24.  Further, Plaintiff otherwise fails to raise specific objections to the Magistrate Judge's finding that further discovery would not yield evidence to support the theory of equitable tolling.  *Id.* at 23-25; *doc. 48* at 7-11.  Having reviewed the Magistrate Judge's findings, this Court is persuaded that further discovery would not be productive as to the issue of equitable tolling.  In addition, for the reasons discussed both in the PFRD and above in Section III.B, the Court does not believe further discovery would alter the Court's conclusion as to the accrual of Plaintiff's claims.  The Court will overrule Plaintiff's objections and deny Plaintiff's request under Rule 56(d).

### F.     The Court Will Deny Defendants' Request to Adjudicate the Remaining State Law Claims

After dismissing Plaintiff's federal law claims, the Magistrate Judge considered Plaintiff's remaining state law claim, noting "[t]his claim is not based on federal law nor does the record reflect any basis for diversity jurisdiction.  Consequently, any jurisdiction over this claim would be an exercise of the Court's supplemental jurisdiction."  *Doc. 46* at 26.  The Magistrate Judge declined to extend supplemental jurisdiction over this claim after dismissing Plaintiff's federal claims, pursuant to 28 U.S.C. § 1367(c)(3).

Defendants contend that the Magistrate Judge should have extended supplemental jurisdiction in the interest of judicial efficiency.  Specifically, Defendants argue that because the PFRD essentially finds Plaintiff's state law claim untimely both because it has accrued and because it is not tolled, this Court should simply dismiss the claim and end the intensive litigation.  *Doc. 47* at 5-7.

Defendants, just like Plaintiff, fail to recognize the potentially significant difference between federal and state rules of accrual.  The federal rule, which applies to Plaintiff's federal claims, is a distinctly objective standard.  In contrast, the state rule, while labeled "objective," contains a liberal dose of subjectivity.  *See, e.g., Martinez-Sandoval v. Kirsch*, 884 P.2d 507, 512 (N.M. Ct. App. 1994).  Consequently, a state court may agree with Plaintiff that the accrual of her state claims was sufficiently delayed to make those claims timely.

Because this state law issue is more appropriately adjudicated in a state forum, the Court overrules Defendants' objection.

## IV.  CONCLUSION

Sadly, "[i]t goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims.  But that is their purpose, and they remain as ubiquitous as the statutory rights . . . to which they are attached . . . ."  *Alexander v. Oklahoma,* 382 F.3d 1206, 1220 (10th Cir. 2004) (quotation omitted) (finding that statute of limitation foreclosed claims based on violent racial

attacks during Tulsa Race Riots).  Having conducted a *de novo* review of the Magistrate Judge's PFRD, and considered the parties' objections, I hereby OVERRULE the objections (*docs. 47, 48*) and adopt the PFRD (*doc. 46*) in its entirety.

Defendants' Motion to Dismiss (*doc. 8*) is converted to a Motion for Summary Judgment which is hereby GRANTED.  Plaintiff's federal claims are DISMISSED with prejudice and her remaining state law claim is DISMISSED without prejudice. Plaintiff's Motion to Amend the Complaint (*doc. 29*) is DENIED on the basis of futility.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE