IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TORI VARNELL,

      Plaintiff,

v.

                                          No.  12-CV-905 JCH/GBW

DORA CONSOLIDATED SCHOOL DISTRICT,
SUPERINTENDENT STEVE BARRON,
and AMBER SHAW,

      Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Modify the Court's Order Dismissing Her State Law Claims Without Prejudice.  *Doc. 53.*  Plaintiff moves the Court to modify its Order by directing that Plaintiff's remaining state law claim be remanded rather than dismissed without prejudice, citing Federal Rules of Civil Procedure 60(a) and, in the alternative, 60(b)(1) and (6).  *Id.* at 2.  Having reviewed Plaintiff's briefing and the relevant law, Plaintiff's Motion will be DENIED.

I.    Procedural History

Plaintiff filed the instant action, involving both state and federal claims, on May 24, 2012 in the Ninth Judicial District Court for the State of New Mexico.  *Doc. 1*, Ex.1.  It was removed to this Court on August 24, 2012.  *Doc. 1.*  Defendants filed a Motion to Dismiss on October 24, 2012, arguing that Plaintiff's causes of action were untimely.

*Doc. 8.* On May 13, 2013, the Magistrate Judge filed a Report and Recommendations converting Defendants' Motion to a motion for summary judgment and recommending, in relevant part, dismissal of the federal claims on the basis that they were time-barred and dismissal of the state claims without prejudice. *See generally doc. 46.* While Plaintiff objected to the conclusion that the statute of limitations barred her federal claims, she did not specifically object to the recommendation that the state claims be dismissed without prejudice if indeed the federal claims were dismissed on limitations grounds. *See doc. 48.* In Plaintiff's Response to Defendants' Objections, she mentioned that the Court could remand Plaintiff's state law claim, but these remarks were directed at Defendant's Objections and not the Magistrate Judge's Recommendations. *See docs. 47, 49.* As such, these passing remarks did not qualify as objections which would preserve an issue for de novo review. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). On June 24, 2013, this Court adopted the Magistrate Judge's Report, dismissed Plaintiff's federal claims with prejudice, and, after declining to exercise supplemental jurisdiction, dismissed her state law claim without prejudice. *Doc. 51.* Plaintiff filed the instant Motion on July 22, 2013.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60 provides for relief from a final judgment. Under Rule 60(a), the Court may correct a judgment that "is erroneous because the thing spoke, written or recorded is not what the person intended to speak, write or

2

record." *Paiz v. U.S. Postal Serv.*, 214 F.R.D. 675, 678 (D.N.M. 2003) (*quoting Allied Materials Corp. v. Superior Prods. Co., Inc.*, 620 F.2d 224, 226 (10th Cir.1980)). The purpose of this provision, in other words, is to correct transcription errors present in a judgment. *See McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (explaining that Rule 60(a) allows the court to correct inadvertent, but not deliberate, errors).

Rule 60(b)(1) and (6) provide for the correction of judgments that are erroneous because of "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief", respectively.  As the Tenth Circuit has explained, relief under 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (quotation omitted).  Relief under 60(b)(1) is available only "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).  Under 60(b)(6), relief will only be granted "only if we find a complete absence of a reasonable basis and are certain that the . . . decision is wrong." *Id.* at 1232 (*quoting State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir.1996)).

**III. ANALYSIS**

Plaintiff moves this Court modify its June 24, 2013 order and remand, rather than dismiss without prejudice, Plaintiff's state law claim. Plaintiff fails to demonstrate that she is eligible for relief under Rule 60, so her motion must be denied.

**A. Plaintiff's Request for Relief Under Rule 60(a) Is Denied**

Plaintiff explicitly seeks relief "[p]ursuant to Federal Rule of Civil Procedure 60(a)…." *Doc. 53* at 2 (quoting text of rule). However, she points to no clerical error made by the Court in its ruling, nor does she even imply the existence of such an error in her motion. In the absence of the demonstration of a clerical or other transcription error, the Court cannot grant relief under Rule 60(a). *See McNickle*, 888 F.2d at 682.

**B. Relief Under Rule 60(b) Is Denied**

Without any discussion of the rule or its governing standards, Plaintiff also drops a citation to Rule 60(b). *Doc. 53* at 2 ("See also, Fed.R.Civ.Pro(b)(1) & (6)."). Despite the lack of meaningful analysis of this basis for relief, the Court will assume that Plaintiff is seeking relief under this provision as well. Of course, the Court is left to speculate under which prong of Rule 60(b) Plaintiff believes her case falls.

The Court construes Plaintiff's filing as arguing for relief under Rule 60(b)(1) in that (a) her attorney excusably erred in failing to specifically object to the recommendation of dismissal without prejudice (as opposed to remand) of the state

claims,[1] or (b) that the Court made a substantive error of law in dismissing, rather than remanding, Plaintiff's state law claims. The Court also construes Plaintiff's filing as arguing for relief under Rule 60(b)(6) because the Court failed to properly exercise its discretion when it dismissed Plaintiff's state law claims. None of these potential arguments is availing.

If Plaintiff intended to argue that her attorney erred by failing to specifically object to dismissal without prejudice as opposed to remand of the state claims, this error is not excusable. Plaintiff's attorney had ample opportunity in the briefing on the motion to dismiss in which to request remand of Plaintiff's state law claims, and he failed to do so. Nor did he raise the issue in his own timely filed Objections. He has provided no reason for this failure. "Carelessness by . . . counsel does not afford a basis for relief under Rule 60(b)(1). . . . The burden is on the party moving to have the judgment set aside to plead and *prove* excusable neglect." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (citation omitted). Granting relief under Rule 60(b)(1) on this theory would simply be considering reargument of an issue already addressed by the Court. Such is not permitted under Rule 60. *See Cashner*, 98 F.3d at 577 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Thus, the Court must deny relief under Rule 60(b)(1) pursuant to this theory.

If Plaintiff is instead arguing that this Court made a substantive legal error in

---

[1] There is no indication that Plaintiff's attorney ever acted without authority as would be required to provide another basis for relief under Rule 60(b)(1). *See Yapp*, 186 F.3d at 1231.

5

dismissing this case rather than remanding it, that argument also fails. The Court, having properly determined that Plaintiff's federal claims were time-barred, declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claim pursuant to 28 U.S.C. § 1367(c)(3). At that point, because "all of the federal claims had been dismissed for lack of jurisdiction, it was within the discretion of the district court to dismiss without prejudice, rather than remand, whatever state causes of action were implicated in the pleadings." *Dahn v. United States*, 127 F.3d 1249, 1255 (10th Cir. 1997) (*citing Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 348–53 (1988)). Plaintiff has provided the Court with no precedent that would demonstrate that it lacked the authority to do so or erroneously exercised its discretion on that matter. Thus, the Court must deny relief under Rule 60(b)(1) pursuant to this theory. For the same reason, Plaintiff's motion, if construed as brought under Rule 60(b)(6), also fails.

### IV. CONCLUSION

Plaintiff states that she makes the instant "request so that all of the complex issues that the Court dealt with in this litigation (most notably those relating to the statute of limitations to be applied to Plaintiff's claims) will be specifically preserved for adjudication in state court." *Doc. 53* at 2. Plaintiff alludes to "the dilemma she will face in re-filing her claims in state court." *Id.* at 4.

However, the federal statute codifying supplemental jurisdiction, 28 U.S.C. § 1367, includes a section specifically designed to protect plaintiffs who pursue both state

and federal claims arising out of the same set of facts by providing for the tolling of the state court claim during the pendency of the federal action.  28 U.S.C. § 1367(d); *Jinks v. Richland County, S.C.,* 538 U.S. 456, 464 (2003).  The provision even extends this tolling for thirty days after a federal court declines to exercise supplemental jurisdiction, with the express purpose of giving the plaintiff the time to file any remaining state law claims in state court.  *See Jinks,* 538 U.S. at 464 ("[Section 1367(d) provides] assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court.").  Consequently, the Court is unaware of what "dilemma" would prevent Plaintiff from simply re-filing in state court.  In any event, Plaintiff has not demonstrated any grounds for modifying the Court's final order under Rule 60.  Plaintiff's Motion (*doc. 53*) is DENIED.

    **IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE